**MING GUAN LIU, Jin Yu Chen, Petitioners,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,[1] Respondent.**

**No. 08–3670–ag.**

United States Court of Appeals, Second Circuit.

June 29, 2009.

---

1. Pursuant to Federal Rule 1 of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, NY, for Petitioners.

Tony West, Asst. Atty. General; Barry J. Pettinato, Asst. Director; Monica G. Antoun, Trial Atty., Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, and Hon. JOSEPH M. McLAUGHLIN, Circuit Judges.

### SUMMARY ORDER

Petitioners, Ming Guan Liu and Jin Yu Chen, natives and citizens of the People's Republic of China, seek review of the July 8, 2008 order of the BIA affirming the December 15, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying their applications for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT").[2] *In re Ming Guan Liu and Jin Yu Chen,* Nos. A 077 710 510 and A 072 434 570 (B.I.A. July 8, 2008), *aff'g* Nos. A 077 710 510 and A 072 434 570 (Immig. Ct. N.Y. City Dec. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding).[3] As the agency noted, Chen's original asylum application did not assert, as she would later claim, that she was asked to have an abortion, that Liu was detained for five days, or that she was forcibly sterilized. Contrary to Petitioners' argument that the IJ should have asked Chen to explain these omissions, they were sufficiently dramatic that no explanation was required. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005) (noting that where an inconsistency is dra-

---

**2.** Although the transcript of the IJ's oral decision is dated August 15, 2006, a review of the record indicates that the oral decision was rendered on December 15, 2006.

**3.** Portions of our decision in *Secaida–Rosales* were superseded by the amendments made to the INA by the REAL ID Act of 2005. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). However, these amendments are not applicable in this case.

matic, the agency may rely on it without first soliciting an explanation from the applicant); *Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006).

The agency also properly based its adverse credibility determination, in part, on omissions from Chen's airport interview. As the agency observed, Chen stated in her airport interview that neither she nor any member of her family had ever been persecuted or imprisoned; however, Chen's asylum claim is based on her forced sterilization and her husband Liu's five-day imprisonment. We find no support for Petitioners' argument that the IJ erred in relying on the airport interview where: (1) Chen did not appear reluctant to reveal information to the reviewing officer; (2) the questions posed to Chen were designed to elicit the details of an asylum claim; (3) Chen's answers did not suggest that she did not understand the translations provided by the interpreter; (4) the record of the interview is in the format of a verbatim transcript; and (5) the immigration officer asked Chen if there was anything she wanted to add to her statement. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004). Moreover, no reasonable factfinder would be compelled to accept Petitioners' explanations for the omissions. *See Majidi,* 430 F.3d at 80–81 (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

We also find unavailing Petitioners' argument that the IJ erred in relying on their demeanor, where, during the merits hearing, the IJ noted multiple occasions where there was a "long pause" when Liu was asked a question about his detention. *See Rui Ying Lin v. Gonzales,* 445 F.3d 127, 135 (2d Cir.2006).

Viewed as a whole, the IJ's adverse credibility determination was supported by substantial evidence. Therefore, because the only evidence that Petitioners were likely to be persecuted or tortured depended upon their credibility, the adverse credibility determination in this case necessarily precludes success on their claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire,* 357 F.3d at 184–85 (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).